TUBMAN v. WASON MANUF'G CO.

(Circuit Court, D. Massachusetts. January 3, 1892.)

No. 2,471.

1. PATENTS FOR INVENTIONS—LIMITATION OF CLAIM—PRIOR ART.
Letters patent No. 192,014, issued June 12, 1877, to George S. Roberts for an improvement in railway cars, consisting of bay windows integral with the sides of the car, and not projecting beyond the general line thereof, must, in view of the prior state of the art, be restricted to the specific structure described therein.

2. SAME—INFRINGEMENT.
The shape of the bay windows of the patent being represented by lines oblique to the sides of the car, and meeting at an obtuse angle, the patent

is not infringed by cars having bay windows the sides whereof are represented by lines extending obliquely from the sides of the car, and connected at their outer extremities by a line parallel with the sides of the car.

In Equity. Suit by William K. Tubman against the Wason Manufacturing Company for infringement of a patent. Bill dismissed.

William K. Tubman, pro se.
Robert J. Fisher and Benjamin Price, for defendant.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of letters patent No. 192,014, granted June 12, 1877, to George S. Roberts, for improvement in car windows. The claim of the patent is as follows:

"A railway car constructed with two lines of alternating posts, a, a, and c, c, for the insertion of windows in oblique or zigzag positions, and for forming bays or recesses in the sides of the car, opposite to the several seats thereof, substantially as and for the purpose herein specified."

As thus described, the invention might well be called, as the complainant suggests, an "improvement in the construction or formation of the side of a railway car." The claim of the complainant is that the "invention consisted broadly in conceiving the method of forming the side of the car with or into a series of bays integral therewith, in and as a part thereof." He has not argued his claim orally, but relies entirely on his brief; and, if I correctly follow the argument of the brief, the words "integral therewith" and "in and as a part thereof" import that the essence of the invention lies in the fact that the bays, like the other parts of the side of the car, extend from the floor to the roof, and that no part of the bay projects beyond the general line of the side of the car.

Coming, then, to a consideration of the state of the art, I observe, first, that cars having bay windows as part of the sides thereof have long been in use and known to the trade here involved. I shall not undertake to describe all these, except to notice that in all of them, so far as I observe, the windows project beyond the general side line of the car. As a fair type of the whole, I may refer to the ventilator patented by H. M. Paine, January 6, 1852, and shown in the drawing attached to his letters patent No. 8,645. It therefore seems clear that a car side with bay windows was well known when Roberts made his invention. What, then, were the elements of bay windows as then known to constructors? It may be taken as matter of common knowledge that bay windows have long been constructed in the walls of houses in such manner that the projecting space, so to call it, extends from floor to ceiling, and in such manner also that no part of the bay window projects outwardly beyond the general side line of the wall. The functions of the old bay windows also seem to me to be the same as those of the Roberts invention. The view from the window is broadened alike in all. The bay window in the house wall presents this advantage, without extending beyond the line fixed by the limit of ownership or by other considerations for the outer line of the wall, in like manner as the bay window in the car side obtains the same advantage, without projecting beyond the limits allowed by con-

siderations of safety or otherwise for the general width of the car. The advantage of ventilation is obtained, certainly, as well in a bay window which projects beyond the side of the car as in one which, as the complainant puts it, is in and a part of the side of the car. From these considerations it seems clear to me that the Roberts patent, properly construed, involves an invention only of the specific structure described and shown therein. Thus interpreted, I am clear that it is not infringed by the respondents. They have constructed cars in substantial accordance with the plan shown in the patent No. 335,770, issued February 9, 1886, to B. Price. The bay window of Roberts has a general outline which may be diagramatically represented by two lines, each oblique to the side of the car, and meeting in an obtuse angle. The bay window constructed by the respondents would in like manner be represented by two lines oblique to the side of the car, and connected at their outer extremities by a line parallel with the side of the car. This is not the structure of the Roberts patent, and therefore, because the respondents do not infringe that patent, I think the bill must be dismissed, with costs.